# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DUDLEY BLAKE,**

    **Plaintiff,**

**v.**                                               Case No: 6:17-cv-1523-Orl-31TBS

**SELECT PORTFOLIO SERVICING,**
**INC. and BURR & FORMAN, LLP,**

    **Defendants.**

## ORDER

This Matter comes before the Court on the Motion to Dismiss the Amended Complaint with Prejudice (Doc. 17) filed by Burr & Forman LLP ("BF"), the Motion to Dismiss with Prejudice (Doc. 18) filed by Select Portfolio Servicing, Inc. ("SPS"), and the Response (Doc. 22) filed by the Plaintiff.

In the Amended Complaint, the Plaintiff alleges a violation of the Florida Consumer Collection Practices Act, Florida Statute 559.55-.785 ("FCCPA") by SPS (Count I); a violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692e(2)(A) and 1692e(5)91 ("FDCPA") by SPS (Count II); and a violation of the FDCPA by BF (Count III).

### I. Factual Background

On May 2, 2007, Blake executed a note and a mortgage, and on November 1, 2009, Blake allegedly defaulted on that note. Amend. Compl., Doc. 16, ¶ 15-17. The original foreclosure complaint ("2010 Complaint") was filed on May 7, 2010, by EMC Mortgage Corporation ("EMC"). *Id.* ¶ 19. Attached to that original foreclosure complaint was a note that did not contain endorsements following the signatures of Dudley and Edna Blake. *Id.* ¶ 25. The original

foreclosure complaint was dismissed on November 8, 2013, for lack of prosecution. *Id.* ¶ 20. After a hearing and upon EMC's motion, the state court re-opened the case on March 3, 2015. *Id.* ¶ 21. On January 23, 2017, Wells Fargo Bank, N.A., who had been substituted as party plaintiff, filed an amended complaint ("2017 Amended Foreclosure Complaint") and attached a promissory note that contained two undated endorsements following the signatures of Dudley and Edna Blake. *Id.* ¶ 26.

**II.     Standard of Review**

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see, e.g., Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. *See* Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *See Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed. R. Civ. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554–555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *id.* at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

### III.   Analysis

#### A.  Legal Standards

"The FDCPA regulates what debt collectors can do in collecting debts." *Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1297 (11th Cir. 2015) (citing 15 U.S.C. §§ 1692–1692p). To establish a valid claim under the FDCPA, a plaintiff must show that (1) he was the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant engaged in an act or omission prohibited by the FDCPA. *Goodin v. Bank of America, N.A.*, 114 F. Supp. 3d 1197, 1204 (M.D. Fla. 2015) (citing *Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1360–61 (S.D. Fla. 2000)).

Section 1692e generally prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Section 1692e(2)(A) more specifically prohibits the false representation of "the character, amount, or legal status of any debt." Section 1692e(5) proscribes debt collectors from threatening "action that cannot legally be taken or that is not intended to be taken." Alleged violations of § 1692e(5) are subject to a two-prong analysis. First, courts consider whether the language used by the debt collector is a threat. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193 (11th Cir. 2010). If so, courts then "consider whether the action threatened is one which could be legally taken." *Id.*

The Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §§ 559.55–.785, was enacted as an "addition to the requirements and regulations of the [FDCPA]," and its goal is

"to provide the consumer with the most protection possible under either state or federal statute." Fla. Stat. § 559.565; *LeBlanc*, 601 F.3d at 1192. Section 559.72(9) prohibits a person collecting consumer debts from claiming, attempting, or threatening "to enforce a debt when such person knows that the debt is not legitimate, or assert[ing] the existence of some other legal right when such person knows that the right does not exist."

Blake alleges that the Defendants violated the FDCPA and FCCPA in two ways: first, by pursuing debts barred by the statute of limitations, and second, by listing inconsistent dates on the 2017 Amended Foreclosure Complaint and the monthly mortgage statements.

### B. Statute of Limitations

The primary basis for Blake's allegations in Counts I, II, and III is that the Defendants violated the FDCPA and the FCCPA by pursuing debts barred by the statute of limitations. Blake argues that "[a]ny claims relating to individual payment defaults that are now more than five (5) years old are barred by the statute of limitations." Amend. Compl. ¶ 34. Blake contends that the 2017 Amended Foreclosure Complaint does not relate back to the 2010 Complaint because the endorsements on the note attached to the 2017 Amended Foreclosure Complaint are not found on the note attached to the 2010 Complaint. *Id.* ¶ 35. It is Blake's position that BF's act of filing the 2017 Amended Foreclosure Complaint—and even SPS's act of verifying of the 2017 Amended Foreclosure Complaint— violated the FDCPA. *See id.* ¶ 35. According to the Amended Complaint, the amount due on the mortgage statements also included amounts that were barred by the statute of limitations, rendering the statement "false and misleading" under § 1692e. *Id.* ¶ 40.

Similarly, Blake contends that SPS violated the FCCPA by claiming and attempting, through monthly mortgage statements, to collect a debt that is partially barred by the statute of limitations.

*Id.* ¶ 44. Blake alleges that SPS violated the FCCPA by mailing him monthly mortgage statements that attempted to collect payments that were due from March 1, 2010 through the present.[1] *Id.* ¶ 37.

The statute of limitations issue does not provide a legal basis for Blake's claims. In short, Blake has attempted to turn an affirmative defense that he could potentially use to dispute the validity of the debt to create an action under both the FDCPA and the FCCPA. But such defenses "should be raised—if at all—as an affirmative defense[s] to actual collection or foreclosure," not as an affirmative action under the FDCPA or the FCCPA. *Garrison v. Caliber Home Loans, Inc.*, No. 6:16cv978ORL37DCI, 2017 WL 89001, at *7 (M.D. Fla. Jan. 10, 2017).

### C. Due Dates in Monthly Mortgage Statement and 2017 Amended Complaint

Blake also argues that, because the due dates on the mortgage statement and 2017 Amended Foreclosure Complaint allegedly conflicted, they were false and misleading and thus violate the FCCPA. *Id.* ¶ 47. However, Blake has not sufficiently pled a violation of the FCCPA with respect to the loan due date issue. Blake alleges violations of § 559.72 (9), but (9) does not proscribe false or misleading statements. Merely stating that there are "conflicting statements of the 'Loan Due Date,'" without further elaboration, is not enough to state a claim for violation of the FCCPA.

Because Blake incorporates every single preceding paragraph into Count II of the Complaint, it appears that he is also alleging that the supposedly conflicting due dates violate the FDCPA as well. But Blake does not explain why the different dates conflict with one another or why they would be misleading. The 2017 Amended Foreclosure Complaint clearly states why the monthly mortgage statement had a loan due date of March 1, 2010, rather than the November 1, 2009 date. Although November 1, 2009 was the date on which Blake first defaulted, Blake made at least one

---

[1] The mortgage statement attached the Amended Complaint as Exhibit A is dated April 13, 2017.

payment since the issuance of the Notice of Default, which changed the loan due date to March 1, 2010. 2017 Amend. Foreclosure Compl., Doc. 15-2, at 5-6. Blake has not sufficiently alleged that the inclusion of both dates was false or misleading, and therefore, he has failed to state a claim for violation of the FDCPA as to the issue of the differing dates.

**IV.     Conclusion**

In consideration of the foregoing, it is hereby **ORDERED** that the Defendants' Motions to Dismiss (Docs. 17, 18) are **GRANTED**. The Plaintiff's Amended Complaint (Doc. 16) is **DISMISSED** without prejudice. If the Plaintiff wishes to file an amended complaint, he must do so by February 2, 2018. The Court declines at this time to award the requested attorneys' fees and costs.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 18, 2018.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party